FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 14, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KWIK LOK CORP., a Washington Corporation,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>MATTHEWS INTERNATIONAL CORP., D/B/A MATTHEWS AUTOMATION SOLUTIONS, a Pennsylvania Corporation,<br><br>    Defendant/Counterclaim Plaintiff,<br><br>vs.<br><br>MATTHEW INTERNATIONAL CORP., a Pennsylvania corporation,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>SOLARIS LASER, S.A., a Polish entity,<br><br>    Third-Party Defendant. | No. 1:22-cv-03014-MKD<br><br>ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT THIRD-PARTY DEFENDANT'S MOTION FOR PROTECTIVE ORDER<br><br>**ECF No. 30, 44** |

ORDER - 1

1      Before the Court are Third-Party Defendant Solaris Laser, S.A.'s ("Solaris")

2  Motion to Dismiss for *Forum Non Conveniens*, ECF No. 30, and Motion for

3  Protective Order, ECF No. 44.  On March 29, 2023, the Court heard argument on the

4  motions.  Mario Bianchi represented Plaintiff/Counterclaim Defendant Kwik Lok

5  Corporation ("Kwik Lok").  Michael Pest, Hari Kumar, and Kevin Allen represented

6  Defendant/Counterclaim Plaintiff Matthews International Corporation ("Matthews").

7  David Stearns represented Solaris.  The Court has reviewed the parties' filings and

8  the record, has heard from the parties, and is fully informed.  For the reasons stated

9  below, the Court denies Solaris' Motion to Dismiss, ECF No. 30, and its Motion for

10 Protective Order, ECF No. 44.

11                         **PROCEDURAL HISTORY**

12     On February 1, 2022, Plaintiff Kwik Lok filed a complaint against Matthews,

13 alleging breach of express and implied warranties under the Washington Product

14 Liability Act and a violation of Washington's Unfair Business Practices Act.  ECF

15 No. 1 at 7-10.  Matthews answered and filed counterclaims against Kwik Lok on

16 March 29, 2022.  *See* ECF No. 7.  Kwik Lok answered the counterclaims.  ECF No.

17 11.  Matthews then amended its answer and counterclaims, ECF No. 20, and Kwik

18 Lok subsequently filed an answer to the amended counterclaims, ECF No. 21.

19     On April 12, 2022, Matthews filed a third-party complaint against Solaris, a

20 Polish company.  ECF No. 9.  Solaris was served through the Hague Convention.

ORDER - 2

*See* ECF No. 44 at 3; ECF No. 46 at 4. Solaris answered the thirty-party complaint on October 13, 2022. ECF No. 25. In its answer, Solaris asserted as an affirmative defense the alleged forum selection clause of the agreement that governs any disputes between it and Matthews. ECF No. 25 at 6 ¶ 44.

Solaris subsequently filed a Motion to Dismiss for *Forum Non Conveniens* on December 19, 2022, seeking dismissal of the third-party complaint. *See* ECF No. 30. Solaris argues that the forum selection clause in the companies' Original Equipment Manufacturing (OEM) Purchase Agreement[1] governs and thus should be dismissed on *forum non conveniens* grounds. ECF No. 30 at 2, 4-7. Solaris reiterates its contention in its Motion for Protection Order, arguing it "is only a party in this case because [Matthews] ignored its contractual obligations by asserting third-party claims in this Court, rather than in a Polish court as required by the equipment distribution agreement between it and Solaris." ECF No. 44 at 2; *see also* ECF No. 30.

---

[1] The OEM Agreement was filed. ECF No. 31 at 5-17. In Matthews' Third-Party Complaint, it references a "First Amendment and Extension Agreement" which was entered into on January 25, 2010. ECF No. 9 at 3 ¶ 8 n.1. No party appears to contest that the OEM Agreement was terminated in 2019, well in advance of Kwik Lok's filing of the third-party complaint, even with the agreed upon extension. The parties have not provided this document to the Court.

ORDER - 3

Matthews responded to the motion to dismiss, ECF No. 36, and Kwik Lok joined, ECF No. 38.  Solaris subsequently replied.  ECF No. 41.  The motion hearing was scheduled for February 28, 2023, but was rescheduled to March 29, 2023, due to conflicts with the Court's schedule.  *See* ECF No. 42.

After the Court rescheduled the hearing, Kwik Lok served upon Solaris interrogatories.  ECF No. 44 at 4 ("Kwik Lok served Solaris with the Requests on February 24, 2023."); ECF No. 45 at 2; *see* ECF No. 45 at 2; ECF No. 45-1 at 2-34.  Solaris sought a stay of the deadline set by Fed. R. Civ. P. 33(b)[2] with respect to Kwik Lok's interrogatories until the Court rules on its motion to dismiss.  *See* ECF No. 44.  Kwik Lok opposes Solaris' request, arguing it "issued on-point and narrowly tailored discovery [requests] to Solaris for documents and information in its possession" regarding the performance of the subject product, the basis for certain certifications of the subject product, and the representations Solaris made to Matthews concerning the subject product.  ECF No. 46 at 2.  Matthews joins Kwik Lok's opposition to the motion.  *See* ECF No. 48.

---

[2] On March 27, 2023, the Court stayed the response deadline until further argument could be made by the parties.  ECF No. 50.

ORDER - 4

At the March 29 hearing, the Court granted in part Solaris' Motion for Protection Order, ECF No. 44, in so far as the subject deadline was stayed until further order from the Court. ECF No. 54.

**MOTION TO DISMISS**

Third-Party Defendant Solaris seeks dismissal of Matthews' Third-Party Complaint on *forum non conveniens* grounds. *See* ECF No. 30. Specifically, Solaris asserts that the forum selection clause in the OEM Agreement governs and thereby requires Matthews to file its claims in Poland. ECF No. 30 at 2, 4-7.

**A. Legal Standard**

*1. Doctrine of* Forum Non Conveniens

"[T]he appropriate way to enforce a forum-selection clause pointing to a . . . foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex*. (*Atlantic Marine*), 571 U.S. 49, 60 (2013). The doctrine of *forum non conveniens* permits a district court "to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). "A party moving to dismiss based on *forum non conveniens* bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002) (citing *Lueck*, 236 F.3d at

ORDER - 5

1142–43). "[A] plaintiff's choice of forum will not be disturbed unless the 'private interest' and the 'public interest' factors strongly favor trial in a foreign country." *Lueck*, 236 F.3d at 1145 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)).

Generally, the decision to dismiss on grounds of *forum non conveniens* falls within the Court's discretion. *Id.* at 1143. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atlantic Marine*, 571 U.S. at 63 (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). "If an enforceable forum selection clause applies, the burden shifts to the plaintiff to show that the public-interest factors 'overwhelmingly disfavor' dismissal." *Yan Guo v. Kyani, Inc.*, 311 F. Supp. 3d 1130, 1139 (C.D. Cal. 2018) (quoting *Atlantic Marine*, 571 U.S. at 67).

A valid forum selection clause is "a significant factor that figures centrally in the . . . calculus." *Stewart Organization, Inc.*, 487 U.S. at 29. Yet, an applicable forum selection clause is not always dispositive of the *forum non conveniens* determination. *Yan Guo*, 311 F.Supp.3d at 1139. Accordingly, a *valid* forum selection "clause should be 'given controlling weight in all but the most exceptional cases.'" *Id.* (emphasis added) (quoting *Atlantic Marine*, 571 U.S. at 63).

ORDER - 6

  2. *Presumption of Survival*

  In *Nolde Bros. v. Loc. No. 358, Bakery & Confectionery Workers Union, AFL-CIO*, the Supreme Court found "strong reasons to conclude that the parties did not intend their arbitration duties to terminate automatically with the contract." 430 U.S. 243, 253 (1977). Additionally, the Supreme Court determined there exists a rebuttable "presumption in favor of postexpiration arbitration of matters[.]" *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 204 (1991). However, it noted that its "conclusion was limited by the vital qualification that arbitration was of matters and disputes arising out of the relation governed by contract." *Id.* (citing *Nolde Bros.*, 243 U.S. at 255). Some district courts have expanded the presumption the Supreme Court found to exist in *Nolde Bros.* to forum selection clauses. *See Gonzalez v. Carnival Corp.*, No. 21-CV-04682-JSW, 2021 WL 4844073, at *3 (N.D. Cal. Oct. 18, 2021) (quoting *Marcotte v. Micros Sys., Inc.*, No. 14-cv-01372-LB, 2014 WL 4477349, at *9 (N.D. Cal. Sept. 11, 2014)"). However, the presumption can be "negated expressly or by clear implication." *Nolde Bros.*, 243 U.S. at 255.

  In *Litton*, the Supreme Court held that the plaintiff did not successfully contradict the presumption. 501 U.S. at 205. Indeed, it characterized the arbitration clause as "unlimited," because "the parties agreed to arbitrative all '[d]ifferences that may arise between the parties' regarding the Agreement,

ORDER - 7

violations thereof, or 'the construction to be placed on any clause or clauses of the Agreement.'" *Id.* (alterations in original).

**B. Discussion**

The OEM Agreement's forum selection clause states in pertinent part:

> In all cases where Matthews initiates a lawsuit hereunder, the action shall be filed and resolved by Polish court adequate for Solaris's localization. If the action is brought in Polish court, then Polish law shall apply.

ECF No. 31 at 17; ECF No. 36 at 5. Matthews asserts three arguments as to why the Court should not apply the provision in this matter. First, it contends the OEM's Forum Selection Clause is inapplicable as Solaris terminated the agreement and the clause did not survive the termination. Second, it asserts that it did not "initiate" a lawsuit against Solaris. Finally, it argues that if the Court finds the clause applies, then the enforcement is unreasonable. *See* ECF No. 36.

*1. The Forum Selection Clause's Applicability*

    a. Choice of Law

The Court sits in diversity. ECF 1 at 2 ¶ 2.1; ECF No. 20 at 2 ¶ 2.1. Kwik Lok has brought suit against Matthews asserting claims under Washington law. *See* ECF No. 1. Kwik Lok did not contract with Solaris. Matthews contracted with Solaris, so Pennsylvania law may govern its indemnity claim. *See* ECF No. 31 at 17; ECF No. 36 at 5 (noting that "[i]f the action is brought in US court, then US law shall apply."). Yet, no party has asserted which state's law should apply to

ORDER - 8

this Court's interpretation of the OEM Agreement.³  Because more than one state's laws are potentially applicable to the case at bar, the Court must apply Washington's choice of law rules. *MKB Constructors v. Am. Zurich Ins. Co.*, 49 F. Supp. 3d 814, 832 (W.D. Wash. 2014) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) ("When the laws of more than one state potentially apply, a federal district court sitting in diversity applies choice of law rules from the forum state.").

The Washington Supreme Court has stated, "[T]here must be an actual conflict between the laws or interests of Washington and the laws or interests of another state before Washington courts will engage in a conflict of laws analysis." *Shanghai Com. Bank Ltd. v. Kung Da Chang*, 404 P.3d 62, 65 (Wash. 2017) (quoting *Erwin v. Cotter Health Centers*, 167 P.3d 1112, 1120 (Wash. 2007)).

---

³ "There is no federal general common law." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Accordingly, contractual interpretation is generally governed by state law except in specific circumstances. *See Read-Rite Corp. v. Burlington Air Express, Ltd.*, 186 F.3d 1190, 1195 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (Sept. 27, 1999); *Flores v. Am. Seafoods Co.*, 335 F.3d 904, 910 (9th Cir. 2003) (choice of law provision in contracts provided federal maritime law would govern).

When "construing a written contract [in Washington], the basic principles require that (1) the intent of the parties controls; (2) the court ascertains the intent from reading the contract as a whole; and (3) a court will not read an ambiguity into a contract that is otherwise clear and unambiguous." *Mayer v. Pierce Cnty. Med. Bureau, Inc.*, 909 P.2d 1323, 1326 (Wash. Ct. App. 1995). Similar canons of contract interpretation exist in Pennsylvania:

> First, 'the entire contract should be read as a whole . . . to give effect to its true purpose.' *Pritchard v. Wick,* 178 A.2d 725, 727 (Pa. 1962). Second, a contract must be interpreted to give effect to all of its provisions. *Murphy v. Duquesne Univ. Of The Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001). Thus, our Court "will not interpret one provision of a contract in a manner which results in another portion being annulled." *LJL Transp. v. Pilot Air Freight*, 962 A.2d 639, 648 (Pa. 2009). Third, "a word used by the parties in one sense is to be interpreted as employed in the same sense throughout the writing in the absence of countervailing reasons," such as thwarting the intent of the agreement. *Maloney v. Glosser*, 235 A.2d 607, 609 (Pa. 1967).

*Com. ex rel. Kane v. UPMC*, 129 A.3d 441, 463–64 (Pa. 2015) (some internal citations expanded). Given the similarly of the states' canons of contractual interpretation, there is not a "real" conflict. *See Shanghai Com. Bank Ltd.*, 404 P.3d at 65 (citing *Erwin*, 167 P.3d at 1120). Accordingly, under Washington law, this Court should apply "the presumptive local law[.]" *Id.* ("[W]here laws or interests of concerned states do not conflict, the situation presents a false conflict and 'the presumptive local law is applied." (alteration in original) (internal quotation marks omitted)). The Court applies Washington law here.

ORDER - 10

b.  Discussion

As an initial matter, the OEM Agreement expressly states: "Upon expiration or termination of the Agreement, *those paragraphs which by their own terms survive* shall continue to remain in full force five (5) years after expiration, cancellation or termination."  ECF No. 31 at 11 (emphasis added); *see* ECF No. 36 at 9.  Matthews argues that the forum selection clause does not apply to the present action, because Solaris terminated the OEM Agreement approximately three years prior to Kwik Lok filing its complaint and the forum selection clause did not contain the requisite language for the clause to survive that termination.  ECF No. 36 at 7-9.  Solaris does not dispute that the OEM Agreement was terminated.  Instead, it argues that the forum selection clause survives the termination.  *See* ECF No. 4 at 3-5.

The OEM Agreement contains provisions which expressly include terms that indicate the section is to survive the agreement's termination.  For example, Section 7 includes:

> **Upon termination of this Agreement**, Matthews shall promptly deliver to Solaris all such data . . . **During the term of this Agreement and at all times thereafter**, Solaris shall ensure that its employees, agents and representatives shall hold, keep and treat as secret and confidential all technical, financial, marketing, product development and any other information including the business affairs and dealings of Matthews disclosed to Solaris . . .

ORDER - 11

ECF No. 31 at 9-10 (emphasis added). Additionally, in Section 9 the agreement contains a provision which states, "**On termination of this Agreement**, pursuant to the terms of this Agreement, Matthews shall cease to be an authorized distributor of Solaris," but Matthews may offer and sell whatever products it already has in its possession. ECF No. 31 at 12 (emphasis added). That same section also states:

> Solaris shall sell to Matthews for a period of not less than five (5) years commencing **on the termination of this Agreement**, on the same terms and conditions as offered by Solaris to any other customer purchasing similar products in like or smaller quantities under similar terms and conditions; any spare parts and/or related optional parts relating to the Products which are requested of Matthews by Matthews's distributors or customers[.]

(emphasis added). Section 14 contains another provision referencing the contract's termination: "Solaris agrees to offer replacement parts for these products for a minimum of five (5) years **from the date of termination of the Agreement**." ECF No. 31 at 14 (emphasis added). Conversely, the forum selection clause does not contain such express language:

> In all cases where Matthews initiates a lawsuit hereunder, the action shall be filed and resolved by Polish court adequate for Solaris's localization. If the action is brought in Polish court, then Polish law shall apply. In all cases where Solaris initiates a lawsuit hereunder, such action shall be filed and resolved in the US court adequate for Matthews's localization. If the action is brought in US court, then US law shall apply. However, whether the action is brought in Poland or in the United States, neither party shall be entitled to special, consequential, punitive or liquidated damages. Alternatively, the parties only entitlement to recovery shall be limited to direct damages.

ORDER - 12

ECF No. 31 at 17.

As mentioned above, the Court must determine the parties' intent, which can be determined by reading the contract as a whole. *Mayer*, 420, 909 P.2d at 1326. Additionally, the Court may "not read an ambiguity into a contract that is otherwise clear and unambiguous." *Id.* Solaris asks the Court to read the forum selection clause in a vacuum. The canons of contractual interpretation reject this analysis. The Court must consider the entire OEM Agreement as a whole. This includes the survival clause.

The survival clause in the OEM Agreement is not unlimited like the arbitration clause in *Litton*. Indeed, the survival clause of the OEM Agreement is clear: only the sections which expressly include terms within itself indicating it is to survive the agreement's termination will be applicable to later actions between Matthews and Solaris. Numerous sections contain such language as detailed above. The forum selection clause does not. If Matthews and Solaris wanted the forum selection clause to survive the agreement's termination, they could have expressly included similar language within the forum selection clause itself like they did in other provisions. For example, the parties could easily have stated: "Upon termination of this agreement, the forum selection clause shall survive." *Cf. Nolde Bros.*, 243 U.S. at 255 ("the parties' failure to exclude from arbitrability contract disputes arising after termination . . . affords a basis for concluding that

ORDER - 13

they intended to arbitrate all grievances arising out of the contractual relationship").

When the Court considers the OEM Agreement as a whole, the Court finds the parties intended for the forum selection clause to terminate at the time the agreement was terminated. To do otherwise would create an ambiguity given the agreement's clear and unambiguous provision: "Upon expiration or termination of the Agreement, those paragraphs which by their own terms survive shall continue to remain in full force five (5) years after expiration, cancellation or termination." ECF No. 31 at 11; *see* ECF No. 36 at 9. Because the forum selection clause's own terms do not provide for the clause to survive a termination of the contract, it is not applicable to this matter. The presumption that the forum selection clause survived the termination of the agreement has been rebutted. Thus, this matter does not involve a valid forum selection clause, so the Court declines to invoke the doctrine of *forum non conveniens* and dismiss this matter on those grounds.

    *2. Alternative Forum and Analyzation of Factors*

Because this matter does not involve a valid forum selection clause, the Court turns to whether Solaris has shown "that there is an adequate alternative forum, and . . . the balance of private and public interest factors favors dismissal." *Dole Food Co.*, 303 F.3d at 1118. Solaris must demonstrate that the private interest and public interest factors strongly favor trial in Poland given the doctrine

ORDER - 14

is an "exceptional tool to be [used] sparingly." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000). Indeed, Solaris must make "a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." *Id.*

      a. Adequate Forum

The Ninth Circuit has stated, "[A]n alternative forum ordinarily exists when the defendant is amenable to service of process in the foreign forum." *Lueck*, 236 F.3d at 1137 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22). Solaris is clearly amenable to service of process in Poland. *See id*. at 1143 ("This threshold test is met here because Defendants have indicated that they are amenable to service of process in New Zealand."); *see generally* ECF No. 52 (Solaris noting Kwik Lok's ability to obtain discovery from it through the Hague Evidence Convention).

      b. Analysis of Factors

While Poland, the alternative foreign forum, exists, Solaris must also show the alternative forum "provides [Matthews] with some remedy for [its] wrong in order for the alternative forum to be adequate." *See Lueck*, 236 F.3d at 1143. Solaris has not made such a showing, because it did not independently address the factors. Instead, its argument relied on asserting the forum selection clause was

ORDER - 15

valid, *see* ECF No. 30, and opposing Matthews' analysis of the factors, *see* ECF No. 41.  Solaris has failed to make "a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent."  *See Ravelo Monegro*, 211 F.3d at 514.  Thus, the Court declines to invoke the doctrine of *forum non conveniens*.

### C. Conclusion

The forum selection clause did not survive the termination of the OEM Agreement, thus Solaris' argument predicated on the clause's terms is without merit.  Solaris has failed to meet its burden.  Accordingly, the Court declines to invoke the doctrine of *forum non conveniens*.  The Court denies Solaris' Motion to Dismiss, ECF No. 30.

## MOTION FOR PROTECTIVE ORDER

Solaris's motion sought a protective order to be issued under Fed. R. Civ. P. 26(c) to delay discovery in this matter given the case's procedural posture.  *See* ECF No. 44.  The Court granted Solaris' Motion for Protective Order in part, in so far as delaying the subject deadline until further order from this Court.  Because the Court denies Solaris' Motion to Dismiss, the motion is moot.  Accordingly, the Court orders Solaris to respond to Kwik Lok's discovery requests within two weeks of this Order's issuance.

ORDER - 16

Accordingly, **IT IS ORDERED:**

1. Solaris' Motion to Dismiss, **ECF No. 30**, is **DENIED.**

2. Solaris' Motion to Stay Discovery, **ECF No. 44**, is **DENIED as moot.**

   a. Solaris **shall** respond to Kwik Lok's discovery requests **no later than April 28, 2023.** This Order does not modify the pretrial deadlines detailed in the Court's Amended Bench Trial Scheduling Order, ECF No. 33.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order and provide copies to the parties.

**DATED** April 14, 2023.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 17